UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17 CR 513 SNLJ |
| | ) ) |
| MARVIN WILLIAMS, | ) ) |
| Defendant. | ) |

## DETENTION ORDER

On November 15, 2017, defendant MARVIN WILLIAMS came before the Court with counsel for a hearing on the government's motion that defendant be detained until trial under the Bail Reform Act of 1986, 18 U.S.C. § 3142.  (Doc. 4).

Defendant Williams is charged by indictment with possessing a firearm after having been convicted of a felony offense (Count 1); using a firearm to assault a Postal Service employee (Count 2); possessing an amount of marijuana with the intent to distribute it (Count 3); and possessing a firearm in furtherance of the Count 3 drug trafficking crime (Count 4).   Conviction on Count 1 carries with it a potential statutory maximum term of imprisonment for not more than 10 years, Count 2 not more than 20 years, Count 3 not more than 5 years, and Count 4 not less than 5 years consecutive to the other counts.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, the government's case is aided by a rebuttable presumption, at least with respect to Count 4.   The Bail Reform Act provides:

> Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is

>probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) . . . .

18 U.S.C. § 3142(e).  Such is this case, because conviction on Count 4 carries a potential penalty of imprisonment of more than 10 years.

In response to the presumption, the burden is upon defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  If the defendant produces such evidence, the statutory presumption does not entirely disappear.  Rather, the Court must consider Congress's finding that drug traffickers pose special risks of flight and a danger to the community.  Throughout all, the government retains the burden of proof described above.  *Id.*  And the defendant retains the constitutional presumption of innocence.  18 U.S.C. § 3142(j).

In deciding the issue of detention or release, the rules of evidence are not strictly applied and the Court may consider unsworn proffers of information.  *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 751 (1987) (the parties may "present information by proffer or otherwise"); *United States v. Agriprocessors, Inc.*, 2009 WL 290473 at *5 (N.D. Iowa 2009).  The factors to be considered by the Court include the nature and circumstances of the offense(s) alleged, the weight of the evidence against the defendant, his history and personal background, whether at the time of the offense he was subject to release supervision, and whether the release of the defendant would pose a serious danger to any person or the community.  18 U.S.C. § 3142(g).

The information adduced during the detention hearing for defendant Williams includes the written report of the Pretrial Services Office (Doc. 10), and the statements of counsel proffering information and argument.  Defendant suggested that the first, second, and fourth offenses reported on page 4 of the bail report may have been committed by his son, but not him.  After the hearing, the Court requested the Pretrial Services Office to reconsider the identifiers for those offenses to determine whether the records indicate that defendant committed them or someone else.  The Court is advised that the records indicate that defendant committed the offenses.

The Court is further advised by the Pretrial Services Office bail report that the government's investigation of the instant charges involved defendant intimidating a five-month-pregnant Postal Service employee by brandishing a firearm, impersonating an undercover law enforcement officer, and directing the postal employee to return three pounds of marijuana to him and to find another postal route.

2

Considering this record, the Court finds and concludes that the release of defendant MARVIN WILLIAMS upon his own recognizance, an unsecured appearance bond, or any other condition or combination of conditions of release will not reasonably assure his appearance in Court when required and will not reasonably protect the community from his continued drug trafficking.  18 U.S.C. § 3142(b), (c).  Defendant's substantial ties are to California to which he moved at age seven.  His family resides in California, New York, and Texas.  He has no substantial tie to this district, having relocated here in July 2017.  He uses marijuana daily.  His criminal record includes arrests for failing to appear in court.   He has used an alias name.   He has been convicted in California of felony possession of drugs twice, misdemeanor resisting a law enforcement officer, misdemeanor battery, and misdemeanor false imprisonment.  The evidence of the current charges includes defendant brandishing a firearm to recover marijuana from a pregnant federal employee and impersonating a law enforcement officer.

Thereupon,

**IT IS HEREBY ORDERED** that the motion of the government for the pretrial detention of defendant MARVIN WILLIAMS (Doc. No. 4) **is sustained**.  Defendant is committed to the custody of the Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

      /S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 5, 2017.