UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CR-00513-SNLJ-SPM |
| ) | |
| MARVIN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S
MOTION FOR EXEMPLARS OF SALIVA/DNA**

COMES NOW the United States of America and moves for production of saliva DNA sample(s) by defendant Marvin Williams (Williams). The United States of America states as follows in support of this motion:

1. On November 3, 2017, a federal grand jury returned a four-count indictment on defendant Marvin Williams. In particular, Williams was charged with: 1) Felon in Possession of a Firearm; 2) Forcibly Intimidating a Postal Worker; 3) Possession with the Intent to Distribute Marijuana; and 4) Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

2. During the course of the events on August 9, 2017, Williams was driving in a white GMC and engaging in activity with a firearm and marijuana. A stop of the defendant occurred. A search of the vehicle and defendant also occurred. Certain evidence was seized, including a firearm. A sample of the DNA was taken off the firearm by the Saint Louis Metropolitan Police Department's crime laboratory.

3. The crime laboratory requires a comparison between the DNA profile and a buccal swab of William's saliva DNA.

1

7.      The United States now moves this Court to order Williams' production of his saliva DNA sample for the purpose of comparing the DNA profile created from the firearm against Williams' DNA sample.

8.      The indictment in this case establishes probable cause that Williams committed the crime(s) in question.

9.      A DNA comparison would serve to establish at least reasonable individualized suspicion that Williams was engaged in criminal wrongdoing on August 9, 2017.

10.     It is not a violation of the Fourth and Fifth Amendment to require defendant to submit saliva DNA samples.  *Skinner v. Ry. Labor Executives' Association*, 49 US 602, 614 (1989); *Winston v. Lee*, 470 US 753, 760-761 (1985) (surgical intrusion to remove a bullet); *Schmerber v. California*, 384 US 757, 767 (1966) (blood test for alcohol).  Likewise, it is not unconstitutional to compel production of DNA samples under the DNA Analysis Backlog Examination Act of 2000.  *United States v. Sczubelek*, 255 F.Supp 2, 315 (D. Del. 2003); *In re: Shabazz*, 200 F.Supp 2, 578 (D.S.C. 2002); *Mayfield v. Dalton*, 901 F.Supp 300 (D. HI. 1995); *see also Boling v. Romer*, 101 F.3rd 1336 (10th Cir. 1997) (Colorado DNA sampling statute).

WHEREFORE, the United States of America respectfully request that Williams be required to produce exemplars of his saliva DNA for the foregoing reasons.

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

        /s/ Edward L. Dowd III
        EDWARD L. DOWD III (#61909MO)
        Assistant United States Attorney
        111 South Tenth Street, 20th Floor
        Saint Louis, Missouri 63102
        (314) 539-2200

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 8, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties and counsel of record.

<u>/s/ Edward L. Dowd III</u>
EDWARD L. DOWD III

3